UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN RUNNYMEDE-PIPER,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    Defendants. | Civil Action No. 12-00930 (CKK) |

**MEMORANDUM OPINION**
(July 6, 2012)

Plaintiff commenced this action on March 27, 2012 in the Superior Court of the District of Columbia against four sets of defendants: (1) the District of Columbia, the District of Columbia Child and Family Services Agency, and the District of Columbia Metropolitan Police (the "District Defendants"); (2) Washington Hospital Center Corporation, Medstar Health Inc., Leslie Goddard, Felicia Wright, Rosalynn Ofei, Martin Chin, Shanda M. Moore, and S. Holloman (the "WHC Defendants"); (3) Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., David Nagle, and Kathleen Logan (the "Kaiser Defendants"); and (4) John and Jane Does 1 through 10 (the "Doe Defendants").  The Kaiser Defendants removed the action to this Court on June 4, 2012, *see* Notice of Removal, ECF No. [1], whereupon the District Defendants and the WHC Defendants filed notices of consent to removal, *see* Notice of Consent to Removal, ECF No. [3]; Notice of Consent to Removal, ECF No. [7].  Plaintiff's deadline to seek remand on the basis of any defect other than lack of subject matter jurisdiction expired on July 5, 2012. *See* 28 U.S.C. § 1447.

On May 25, 2012, while this action was still before the Superior Court, the District Defendants filed a [1-1] Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to Dismiss").  Even assuming, *arguendo*, that Plaintiff's time to file an opposition was reset upon removal to this Court on June 4, 2012, her deadline expired on June 21, 2012.  Furthermore, on June 11, 2012, the WHC Defendants filed a [4] Motion to Dismiss and the Kaiser Defendants filed a [5] Motion to Dismiss of their own.  Plaintiff's deadline to file an opposition to both these motions expired on June 28, 2012.  The public docket reflects that Plaintiff, who is represented by counsel, did not file a timely opposition to any of these motions.

When a party fails to file a timely opposition, "the Court may treat the motion as conceded."  LCvR 7(b); *see also Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) ("[T]he district court [may] rel[y] on the absence of a response as a basis for treating a motion as conceded.").  In an exercise of its discretion, the Court shall treat all three motions as conceded and shall dismiss the District Defendants, the WHC Defendants, and the Kaiser Defendants from this case.  In addition, because aspects of the three motions contend that Plaintiff's case suffers from defects that are fatal to the action in its entirety regardless of the named defendant, *see, e.g.*, Mem. of Law in Supp. of Mot. to Dismiss by WHC Defs., ECF No. [4], at 5, the Court shall also dismiss Plaintiff's claims against the Doe Defendants.  Finally, in a further exercise of its discretion, the Court shall dismiss the action without prejudice, in part because the three motions raise a number of arguments going to this Court's jurisdiction.  *See, e.g.*, Mem. of P. & A. in Supp. of Kaiser Defs.' Mot. to Dismiss, ECF No. [5-1], at 4, 17-18.

Date:   July 6, 2012                                                _____/s/_____
                                                                                    **COLLEEN KOLLAR-KOTELLY**
                                                                                    United States District Judge